# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS, | CASE NO. 1:05-cv-01649-LJO-GSA (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | (Doc. 1) |
| RODERICK O. HICKMAN, et al., | |
| Defendants. | |

**I.   SCREENING ORDER**

   **A.   Screening Requirement**

   Plaintiff, Bobby James Williams, ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 30, 2005.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  **B.** **Plaintiff's Claims**

  The events at issue in the instant action allegedly occurred at both Pleasant Valley State Prison ("P.V.S.P.") and Salinas Valley State Prison ("S.V.S.P."). Plaintiff is currently housed at Pleasant Valley State Prison. Plaintiff is seeking monetary, declaratory and injunctive damages.

  In the caption, plaintiff names as defendants: Roderick O. Hickman (Head Director – CDCR); Jeanne S. Woodford (Director – CDCR); and L.E. Scribner (Chief Deputy Warden – SVSP). Under section "III. Defendants" plaintiff entered "N/A." However, under section "I. Previous Lawsuits," plaintiff indicates that he has not brought any other lawsuits while a prisoner, but then lists additional defendants of: Lt. Luna, Sgt. T. Bracken, and Correctional Officers Caruso and Contreras – all of whom he names and implicates in his statement of facts.

2

If plaintiff chooses to file an amended complaint, he is advised that the names and titles of all defendants should be listed in the front page caption, under section "III. Defendants," or on a separate page attached to the amended complaint.

Plaintiff alleges: (1) that he declined defendant Luna's request to talk to a possible cell mate, based on plaintiff's belief that staff at S.V.S.P. intended to harm him via cell mates in the past; (2) plaintiff did however, step out of his cell to talk with defendant Luna, "with negative results;" (3) plaintiff was placed in handcuffs and shackled and defendants Bracken, Caruso & Contreras all put plaintiff in a "stand up holding cell" indicating he would remain there for the night; (4) plaintiff explained to defendant Bracken that he was medically unable to stand for extended periods and that he could not hold his bodily wastes; (5) plaintiff remained in the stand up holding cell for hours where he was required to use the restroom and to eat food "covered" in his bodily fluids and human toxic waste; and (6) defendants Contreras and Caruso placed plaintiff in a larger holding cage for 6 or 7 days (the Court is unable to ascertain which number plaintiff intended due to apparent re-write of the number) – in this larger holding cage, plaintiff had no running water, was made to sleep on the floor under "very inhumane unconditional (sic) conditions," was given a plastic bag for his bodily waste, was not provided any water to clean himself, and was not provided sufficient water to drink. Plaintiff also states a number of legal theories, but neglects to indicate any fact to support application of those theories to any defendant actor(s).

The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets forth, for each defendant, what action that defendant took (or failed to take) and why. Plaintiff is further reminded that he should refrain from citing case law; legal argument/theories; or any form of legal jargon. In the subsections that follow, the court will provide plaintiff with the legal standards that, based on plaintiff's factual allegations, appear to be applicable. Plaintiff should utilize the legal standards provided in this order for guidance when filing his amended complaint.

    **1.** *<u>Linkage Requirement</u>*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff has failed to state any facts to implicate defendants Hickman, Woodford, and Scribner in violation of his constitutional rights. Thus, plaintiff fails to state cognizable claims against these three defendants and they are hereby dismissed. Plaintiff is cautioned that in his amended complaint, he must clearly identify what actions or omissions led to the violation of his rights and which defendants were responsible for the acts or omissions.

### 2. *Evidence and Exhibits*

It is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as the plaintiff is only required to state a prima facie claim for relief. Pages eleven (11) through twenty-nine (29) of plaintiff's complaint are exhibits. If plaintiff chooses to amend his complaint, he should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

### 3. *Conditions of Confinement*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff's general allegation that his talk with defendant Luna had "negative results" is

not specific enough to raise to the level of a constitutional violation. Further, plaintiff fails to show that Luna acted with deliberate indifference to a substantial risk of serious harm to plaintiff. Thus, plaintiff fails to state a cognizable claim against defendant Luna.

As to defendant Bracken, plaintiff alleges that he advised Bracken that plaintiff was medically unable to stand for extended periods of time; was unable to hold his bodily wastes; and that defendant Bracken "with gross negligence didn't care about [plaintiff's] medical condition." Deliberate indifference, not gross negligence, is the standard to be applied to a defendant's actions related to a prisoner's conditions of confinement. Plaintiff has failed to directly allege, or to otherwise state facts to show that defendant Bracken was deliberately indifferent to a substantial risk of serious harm. Thus, plaintiff fails to state a cognizable claim against defendant Bracken related to plaintiff's conditions of confinement.

Plaintiff's allegations against Contreras and Caruso regarding placing him in the "stand up holding cell" and advising him that he would remain there for the night are insufficient to state a cognizable claim regarding plaintiff's conditions of confinement. However, plaintiff's allegations that Contreras and Caruso subsequently placed him in a larger holding cage for several days with insufficient water (for sanitation or consumption), no bed, and a mere bag for disposal of bodily waste does state a cognizable claim for unconstitutional conditions of confinement.

**4.  *Medical Care***

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834

(1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Commr's, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has not alleged any facts which would support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff's allegation that defendant Bracken "with gross negligence didn't care about" plaintiff's medical condition does not rise to the level of deliberate indifference to a serious medical need. Plaintiff does not allege that defendant Bracken denied, delayed, or intentionally interfered with his medical treatment. Defendant Bracken is a correctional sergeant, not a physician or medical provider per C.C.R. Title 15, Section 3354. Even in the light most

favorable to plaintiff, a sergeant making decisions as to housing of an inmate is not a medical provider. Defendant Bracken did not make any decisions regarding plaintiff's medical care and/or course(s) of treatment. Thus, plaintiff has failed to state a cognizable claim against defendant Bracken for deliberate indifference to plaintiff's serious medical needs.

### 5. *Supervisory Liability Claim*

Plaintiff has named the following supervisorial defendants: Head Director Hickman, Director Woodford, Chief Deputy Warden Scribner, Lieutenant Luna, and Sergeant Bracken.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As to each defendant in a supervisorial position, plaintiff must allege facts giving rise to a claim for relief under section 1983. Plaintiff states general allegations against the named defendants in supervisorial positions on pages seven through nine of his complaint. Plaintiff fails to make *any* factual statements to support his allegations of supervisorial misconduct. Plaintiff may be able to state cognizable claims for relief against the named defendants in supervisorial positions under section 1983. However, due to plaintiff's failure to state any factual basis, the court is unable to identify any cognizable claims against Head Director Hickman, Director

Woodford, Chief Deputy Warden Scribner, Lieutenant Luna, and Sergeant Bracken.

### 6. *State Law Claims*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Because plaintiff may be able to state a claims for relief under section 1983, the court reserves discretion to exercise supplemental jurisdiction over and to address plaintiff's state law claims after plaintiff files his amended complaint so as to allow plaintiff opportunity to state cognizable claims for relief under section 1983.

## II. CONCLUSION

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

9

Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the court as viable/cognizable in this order; and
4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   March 24, 2008**                    /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE