Plaintiff's Name _Bobby James Williams_
Inmate No. _K-08880_
Address _P.O. Box 8501 (P.V.S.P.-A-4-125_
_Coalinga, Calif. 93210_

**FILED**

DEC 3 0 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

_Bobby James Williams_
(Name of Plaintiff)

vs.

_Roderick Q. Hickman (Director-C.D. C.R.)_ HEAD
_Jeanne S. Woodford (Director-C.D. C.R.)_

_L.E. Scribner (Chief Deputy Warden - P.V.S.P.)_
(Names of all Defendants)

· **1: 0 5 CV 0 1 6 4 9 REC DLB PC**
(Case Number)

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

A.   Have you brought any other lawsuits while a prisoner? Yes ___ No X

B.   If your answer to A is yes, how many? _0_
     Describe previous or pending lawsuits in the space below.
     (If more than one, use back of paper to continue outlining all lawsuits.)

     1. Parties to this previous lawsuit:

     Plaintiff _Bobby James Williams_

     Defendants _%Lt. Luna, % Sgt. T. Bracken, %o Caruso, and %o Contreras_

     2. Court (if Federal Court, give name of District; if State Court, give name of County)
     _N/A_

     3. Docket Number _N/A_          4. Assigned Judge _N/A_

     5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
     _N/A_

     6. Filing date (approx.) _N/A_          7. Disposition date (approx.) _N/A_

## II. Exhaustion of Administrative Remedies

A. · Is there an inmate appeal or administrative remedy process available at your institution?

Yes X No___

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes X No___

If your answer is no, explain why not_____

_____

_____

_____

C: Is the process completed? The process is completed (exhausted) if: (1) your appeal was granted at one of the levels of review, or (2) you pursued your appeal to the final level of review available.

Yes X    If your answer is yes, briefly explain what happened at each level.
PARTIALLY GRANTED AT THE SECOUND LEVEL OF REVIEW MAR,9,2005

_____

_____

No___    If your answer is no, explain why not.

_____

_____

_____

_____

NOTICE: Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required ·· to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. *Booth v. Churner*, 121 S. Ct. 1819, 1825 (2001). Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit. *Id.* at 1821.

2

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.  Defendant ___*N/A*___ is employed as, ___*N/A*___
    ___*N/A*___ at ___*N/A*___

B.  Additional defendants ___*N/A*___

IV.  Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1). PLAINTIFF RIGHTS TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT.
2). PLAINTIFF'S RIGHTS TO due PROCESS OF LAW AND EQUAL PROTECTION.
3). PLAINTIFF'S RIGHTS TO BE FREE FROM FALSE IMPRISONMENT, SERVITUDE, PEONAGE WITHOUT JUST CAUSE, WERE VIOLATIONS OF THE 8 th AMENDMENT, 13 th AMENDMENT. AND THE 14 th Amendment TO THE U.S. CONSTITUTION.

I . CONSPIRACY-EACH defendant HAS PARTICIPATED BY AFFIRMATIVE link TO CONSPIRE TO deprive PLAINTIFF OF HIS RIGHTS, FEDERAL-CONSTITUTIONAL RIGHTS, PRIVILEGES, AND Immunities. SECURED AND ESTABLISHED A- Nd GUARANTEED BYTHE CONSTITUTION OF THE UNITED STATES AND CALIF. CONSTITUTION, WHEN THESE ALLEGATIONS WERE BREAd. THE defendants WERE INdividually AND AFFIRMATIVELY link IN THE SCOPE, COURSE, duties AND CAPAC -ITIES OF THEIR EMPloyment AS emPloyees emPloyed by THE CALIF. DEPT. OF CORRECTIONS. STATE AGENCY, und SUPERVISIONS OF (BOTH) DIRECTOR'S Roderick Q. Hickman AND JEANNE S. WOOD foRd AND Adult AND YOUTH
(CONTINUE NEXT PAGE)*4

V. Relief.
1) INJUNCTIVE RELIEF PURS (TITLE) R.I.O.) 28U.S.C. 8 2283 AND 8 2284
2) - COMPENSATORY damages AGAINST EACH defendant IN THE AMOUNT OF $50.000. DOLLARS JOINTLY/SEVERALLY
3) - PUNITIVE damages AGAINST EACH DEFENdant IN THE AMOUNT OF $50,000.°° DOLLARS INdividually.
4) - REASONABLE ATTORNEY'S FEE'S PURSUANT TO 42 U.S.C. 8/988.
5) - COSTS OF SUIT : AND,
6) - SUCH FURTHER RELIEF AS THE COURT deems PROPER,

I declare under penalty of perjury that the foregoing is true and correct.

Date ___12.27.2005___    Signature of Plaintiff ___Mr. Bobby J. Williams___

3

mentioned herein were in and is personally involved in the constitutional deprivations of federal const. rights of the plaintiff, with the meaning of 28 U.S.C. §1331 and §1343 (a),(3) by directly participating in infraction; supervisory officials were personally involved in the misconduct of its subordinates through custom usage of policies and practices, procedures they endorsed.

## Jurisdiction and Venue

D- This is a civil rights action authorized by 28 U.S.C. §2671,(F,T,C,A) to redress deprivation of rights under color of authority of state law, of those rights secured by the constitution of the united states and calif. const. artif. secs.§1,§3,§7,§17, calif, penal codecs)-§147,§2600,§2601,§2650,§2652,§422,§422,6 (a), Gov, code §8910,§8912,§8912.4,§8914 subs.,(c),§11135,§19990,§19572.§7250. Welfare and Institutions code(s) -§15600,§15601127,§15610.35,§15610.37,§15610139,§15610.53. as well as their obligation to obey civil rights laws 42 U.S.C. §1981,§1983,§1984 subs,(2),(3),§1986,§2000 (d) et seq. §2000-cc-1, et, seq, therefore the court has jurisdiction purs,28 U.S.C. §82671 and 1343(3),(4)

(A)- The plaintiff has suffered, and continues to suffer serious and significant irreparable physical injuries, and threat of further harm, psychological and emotional distress/duress in violations of plaintiff's civil and human rights "given rise" under the 1st; 4th, 8th and 14th amends, of the U.S. const, and cal. const, art. I, secs. §§§ 1,3,7,17, against retaliation and atrocities of harm, failure to provide safety, protection, and medical needs constituted cruel and unusual punishment while plaintiff was and is housed under their charge, and care, course, duties and scope of employment as state officers, civil servants and peace officers of calif, dept, of corrections and rehabilitation.

(B) - Plaintiffs seeks declaratory relief purs, 28 U.S.C. §§2201, and 2202.

(C) - Plaintiff seeks injunctive relief purs, 28 U.S.C. §§2283, and, 2284.

(D) - The U.S. district court eastern district court of california, county of fresno civil division, is appropriate venue under 28 U.S.C. §§ 1391(b),(2), because plaintiff is a resident at pleasant valley state prison, coalinga, calif, county of fresno, and defendant(s) named in -part are residence of salinas valley. All defendant(s) named in this action are employees, employed, by the calif, state dept, of correction and rehabilitation under the supervision of the director(s), did knowingly, intentionally, deliberately individually, jointly, severally with gross negligence to conspiratory deprive plaintiff rights, privileges, immunities, and failed to provide personnal safety and protection against campaine retaliation on and against plaintiff at (two) different prisons (S,V,S,P) and extended to pleasant valley state prison, coalinga, calif, 93210 where the injuries and atrocities occured and has continued. All prisons are under the direct supervision and responsibility of defendants. et, al.

## Plaintiff

D. Plaintiff Bobby James Williams, #K-to 8880 is and was at all times mentioned herein a prisoner of the state of california, in the legal custody of calif, state dept, of corrections and rehabilitations, (he) is currently con'g'ned at pleasant valley state prison, at facility (snyy) yard coalinga, calif, 93210. At all times mentioned herein plaintiff is and was a mental health patient suffering multiple disorders as a result of the defendants et, al's actions of abusive conduct.

-4-

3). CONGRESS SHALL MAKE NO LAW RESPECTING AN ESTABLISHMENT OF RELIGION, OR PROHIBITING THE FREEDOM OF SPEECH OR OF THE PRESS, OR THE FREE EXERCISE THEREOF; OR ABRIGING THE FREEDOM OF SPEECH, OR THE PRESS; OR THE RIGHT OF THE PEOPLE PEACEABLY TO ASSEMBLE, AND TO PETITION THE GOVERNMENT FOR A REDRESS OF GREIVENCES.; TO APPEAL AND ADDRESS MISCONDUCT BY PEACE OFFICERS, CIVIL SERVANTS, STATE OFFICIALS AND OFFICERS MISCONDUCT/ CRIMINAL ACTIVITY WHILE ACTING UNDER COLOR OF AUTHORITY OF STATE LAW.

U.S. CONST. IV⁴ᵀᴴ AMENDMENT:

4). THE RIGHT OF THE PEOPLE TO BE SECURE IN THEIR PERSONS HOUSES PAPERS AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND SEIZURES, SHALL NOT BE VIOLATED, AND NO WARRENTS SHALL ISSUE. BUT UPON "PROBABLE CAUSE" SUPPORTED, BY "OATH" OR AFFIRMATION AND PARTICULARY DESCRIBING THE PLACE TO BE SEARCHED AND THE PERSONS OR THINGS TO BE ISSUED.

U.S. CONST. V⁵ᵀᴴ AMENDMENT:

5). NO PERSON SHALL BE HELD TO ANSWER FOR A CAPITAL, OR OTHERWISE INFAMOUS CRIME, UNLESS ON PRESENTMENT OR INDICTMENT OF A GRAND JURY, EXCEPTION CASES ARISING IN THE LAND OR NAVAL FORCES, OR IN THE MALITA, WHEN IN ACTUAL SERVICE IN TIME OF WAR, OR PUBLIC DANGER; NOR SHALL ANY PERSONS BE SUBJECT FOR THE "SAME" OFFENSE TO BE "TWICE" PUT IN ANY CRIMINAL CASE TO BE WITNESS AGAINST HIMSELF; NOR BE DEPRIVED OF LIFE, LIBERTY BE TAKEN FOR PUBLIC USE: WITHOUT JUST COMPENSATION.

U.S. CONST. VIII AMENDMENT:

(a) EXCESSIVE BAIL SHALL NOT BE REQUIRED, NOR EXCESSIVE FINES IMPOSED, NOR CR-UEL AND UNUSUAL PUNISHMENTS INFLICTED.

U.S. CONST. XIV AMENDMENT:

7). ALL PERSONS BORN OR NATURALIZED IN THE UNITED STATES, AND SUBJECT TO THE JURISDICTION THEREOF, ARE CITIZENS OF THE U.S. AND OF THE STATE THEREIN THEY RES--IDE; NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUN--ITIVE OF CITIZENS OF THE UNITED STATES, NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE LIBERTY OR PROPERTY, WITH OUT "DUE PROCESS" OF "LAW", NOR DENY ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS.

## CONDITIONS PRECEDENT

8). ALL CONDITIONS PRECEDENT HAVE BEEN PERFORMED OR HAVE OCCURRED. IN C-OMPLIANE WITH TITLE 42 U.S.C. § 1997e(a), PLAINTIFF HAS EXHAUSTED ALL ADMINISTRA-TIVE REMEDIES AVAILABLE PRIOR TO INSTITUTING THIS ACTION, NAMELY. ON FEBRUARY 14, 2005, PLAINTIFF FILED A GRIEVANCE WITH THE DEFENDANTS' EMPLOYING ENTITY. NOTWITHSTANDING THE MANDATES CODIFIED AT CAL. CODE. OF REGS., TIT. 15 § 1073(E) AND CAL. PEN. CODE § 6030, DEFENDANTS HAVE REFUSED TO RESPOND TIMELY AND AT THIS POINT IN TIME ARE TARDY, IN ACCORDANCE SAID REMEDIES ONCE OFFERED BY DEFENDANTS ENTITY ARE DEEMED TO BE EXHAUSTED. SEE C.G., MILLER V. NORRIS, 247 F. 3d 736, 740 (8ᵀᴴ CIR. 2001)("WE BELIEVE THAT A REMEDY THAT PRISON OFFICIALS PREV-ENT A PRISONER FROM UTILIZING IS NOT AN "AVAILABLE" REMEDY UNDER § 1997e(a).") . . MILLER V. TANNER, 196 F.3d 1190, 1194 (11ᵀᴴ CIR. 1999)(PRISONER IS "NOT REQUIRED" IN ORDER TO EXHAUST HIS ADMINISTRATIVE REMEDIES (UNDER § 1997e(a)). TO FILE AN

APPEAL AFTER BEING TOLD UNEQUIVOCALLY THAT AN APPEAL OF AN INSTITUTION-LEVEL

(AN INMATE HAS EXHAUSTED UNDER §1997 e(a) "[W]HEN HE FILED A GRIEVANCE TO WHICH OFFICIALS FAIL TO RESPOND.") Mitchell V Shomig, 969 F. SUPP, 487, 492, (N.D. Ill, 1997) (a Time-BARRED Administrative REMEDY is NOT "AVAILABLE" WI-THIN THE MEANING OF THE PLRA)', Powe V. Ennis, 177 F. 2d 393 (5TH CIR, 1999)(FOR PURPOSES OF PLRA RESTRICTIONS ON FILING, AN GRIEVANCE is deemed EXHAUSTED WHEN IT IS FILED AND THE REVIEWING TRIBUNAL EXCEEDS IT'S REGULATORY TIME CONSTRAINTS FOR RESPONDING)

9). C.C.R. § 3084.1(d), IT IS ALSO A FEDERAL VIOLATION UNDER 42 U.S.C. §1981, 1983 §1985 (2)(3), WHICH PROVIDES IN PART THAT DAMAGES SHALL BE AWARDED AGAINST PERSONS WHO ("... CONSPIRE ... FOR THE PURPOSE OF depriving ... ANY PERSON OR CLASS OF PERSONS OF THE EQUAL PROTECTION OF THE LAWS, OR EQUAL PRIVILEGES AND IMMUNITIES UNDER THE LAWS.")

10), FURTHER MORE, §1986 PROVIDES FOR DAMAGE LIABILITY FOR ANYMORE ("... WHO HAVING KNOWLEDGE THAT (a §1985 CONSPIRACY) is About TO BE COMMITTED,") but does NOTH-ING ABOUT IT.

**IV**

## CALIF. PENAL CODE(S) INVOLVED:

PENAL CODE §118 - PERJURY
PENAL CODE §118.1 - FALSE REPORT BY A PEACE OFFICER.
PENAL CODE §126 - PUNISHMENT FOR PERJURY
PENAL CODE §132 - OFFERING FORGED DOCUMENTS EVEN FOR INMATE PROSECUTION.
PENAL CODE §139 - THREATENING WITNESSES
PENAL CODE §149 - ASSAULT AND BATTERY BY OFFICERS ON INMATES
PENAL CODE §165 - GIVING OR OFFERING BRIBES TO COUNCILMEN OR SUPERVISORS.
PENAL CODE §422 - THREAT TO COMMIT CRIMES OF DEATH OR G.B.F
PENAL CODE §232.5 - CITIZENS COMPLAINT AGAINST PEACE OFFICERS.
PENAL CODE §2600-2601 - DEPRIVATION OF PRISONERS CIVIL RIGHTS
PENAL CODE §147 - CRUEL TREATMENT OF PRISONERS BY PEACE OFFICERS.
PENAL CODE §135 - DESTROYING AND CONCEALING EVIDENCE.

**VI**

## CALIF. CODE OF REGULATIONS (A.P.A.):

C.C.R. TIT. 15, §3271 - RESPONSIBILITY OF EMPLOYEES.
C.C.R. TIT. 15, §3375 - CLASSIFICATION OF INMATES
C.C.R. TIT. 15, §3278 - CONTROL OF INMATES AND PAROLEES
C.C.R. TIT. 15, §3274 - UNLAWFUL USE OF FORCE
C.C.R. TIT. 15, §3378 - CRITICAL CASE INFORMATION.
C.C.R. TIT. 15, §3281 - CRUEL PUNISHMENT OF INMATES.
C.C.R. TIT. 15, §3382 - INCIDENT REPORTS.
C.C.R. TIT. 15, §3300 - PREVENT disorders.
C.C.R. TIT. 15, §3391 - EMPLOYEE CONDUCT
C.C.R. TIT. 15, §3316 - REFERRALS FOR CRIMINAL PROSECUTION.

11), DEFENDANT(S), ET AL, THEIR AGENTS, EMPLOYEES, SUBORDINATES, OFFICIALS AND ME-DICAL PERSONNEL AND (EACH) OF (THEM) HAVE UNLAWFULLY AND CRIMINALLY VIOLATED THESE CODE(S) AND SHOULD BE CRIMINALLY INDICTED, AFTER EVIDENTIARY HEARING, AND THE EVIDENCE PROVES FACTS, OF THE ABOVE AND HEREIN,

... ELL TO TALK TO ANOTHER INMATE OR POSSIBLE CELLMATE. PETITIONER EXPLAINED TO LT. LUNA THAT PETITIONER'S LIFE WAS OR HAS BEEN PUT IN HARMS WAY BY CORRECTIONAL STAFF AT SALINAS VALLEY STATE PRISON. BEFORE ACOUPLE OF TIMES WHILE PETITIONER WAS AT SALINAS VALLEY STATE PRISON AND ONCE BEFORE WHILE IN ADMINISTRATIVE SEGREGATION - N (2 Building(cell*/II) I BELIEVE, STAFF TRYED TO SET ME UP AND HAVE ME HARMED BY OTHER INMATES. SO I TOLD LT. LUNA I WAS NOT GOING TO TAKE A CELLIE. HE SAID COME OUT AND TALK TO HIM ANYWAY. SO PETITIONER DID SO WITH NEGATIVE RESULTS. I did THE SAME WITH FIVE (5) OTHER INMATES THAT WERE PLACED IN 7 & 8 Building KITCHEN WERE HANDCUFFED AND SHACKLED FOR HOURS, SGT. BRACKEN, % CARUSO% CON-TRAS ALL PUT ME IN A STAND UP HOLDING cell AND SAID I will BE THERE ALL NIGHT

13). I EXPLAINED TO SGT. BRACKEN THAT I HAVE A medical condition DUE being SHOT THROUGH THE RECTUM AND BULLETS being TAKEN OUT OF MY URETHA. PETITIONERS INTESTINES WERE REDIRECTED AND THAT I CAN NOT Hold MY Bodily Fluids. And CAN NOT STAND UP TOO LONG. SGT. BRACKENS WITH GROSS NEGLIGENCE DIDN'T CARE About MY medical condition. PETITIONER WAS THEN PLACED IN IN THE STAND UP HOLDING CAGE FOR HOURS. I HAD TO USE THE REST ROOM IN THE HOLDING TANK. AFTER A COUPLE MORE HOURS. PLUS EATING CHOW COVERED IN MY Bodily Fluids And Human TOXIC WASTE % CONTRAS AND % CARUSO OTH-EN PLACED ME IN A LARGER HOLDING CAGE IN "B" POD. PETITIONER STAYED THERE FOR 7 days WITH NO RUNNING WATER "WHAT SO EVER", PETITIONERS TOILET DIDN'T WORK AT ALL. PETITIONER THEN HAD TO SLEEP ON THE FLOOR SUBJE--CTED TO VERY INHUMAN. UNCONDITIONAL CONDITION'S. PETITIONER WAS THEN GIVEN A PLASTIC bAG TO PUT HIS Human Bodily WASTE IN. CORRECTIONAL STAF-F DIDN'T BOTHER TO PROVIDE PETITIONER ANY WATER TO CLEAN OR SANITIZE HIMSELF AFTERWARDS And PETITIONER HAD TO EAT ALL MEALS IN THIS SAME UNSANITIZED CAGE. BY LAW PETITIONER IS TO MAINTAIN THE USE OF A REST-ROOM AND A Fluid IN TAKE OF 3 TO 4 liters OF WATER PER DAY THIS did NOT HAPPEN. And PETITIONERS INSIDES HURT DUE TO THIS CRUEL mISTREAT-MENT CRUEL AND UNUSUAL PUNISHMENT. And VIOLATION OF PETITIONERS CIVIL RIGHTS.

14). PURSUANT TO OPERATIONS MANUAL AND PROCEDURE'S #150, AND P.C.-§§ 32.5 THIS APPEAL IS EXHIBIT #4 WAS FILED AS A CITIZEN'S COMPLAINT, Abuse OF AUTHORITY, IN CITING VIOLENCE, EQUAL PROTECTION, UNEQUAL TREATMENT OF INMATES, DISCRIMINATION AND deliberT INDIFFERENCE.

15). THIS BLATANT DISREGARD FOR MY SAFETY, PROTECTION. AND HEALTH IS NOT ONLY VIOLATION OF DUE PROCESS, BUT UNITED STATE'S OF AMERICA AND FEDERAL CONSTITUTIONAL VIOLATIONS FOR HUMANE TREATMENT, THIS EXPERI-ENCE HAS LEFT ME MENTALLY SHAKEN IPARANOID. AND NOT ABLE TO EAT BECAUSE I do NOT TRUST MY Food HANDLERS WHICH ARE CORRECTIONAL OFFICER (PRISON STAFF) THIS CRIMINAL ACTIVITY MUST BE STOPPED.

-17-

(16) - Plaintiff is informed and believes and there upon alleges that in doing so, defendant was acting within the course and scope of such employment of the (C.D.C.R.) and under color of state law.

1   (17): Although the Calif. Dept. of Corrections, employees, subordinate officials,

2   agents in concert of retaliation and certain "Does" were aware of the violations, conspirac-

ies, abuse, instances of entrapments, staged violence atrocities of abuse, excessive force,

3   due process violations, cover-ups, and the creation of false and misleading reports, co-

4   -unceling and destroying incriminating evidence of false and misleading reports, conceling

and destroying incriminating evidence, (they) defendant(s) et. al. failed completely to

5   act or intervene in correcting said criminal activity "schemes", act and/or evidence,

6   but rather over looked and ignored said blatant violations not withstanding their efferts

7   and infringement, upon plaintiffs constitutional guarantees and human rights, such

8   omission would have opposed to acting to correct said actions, evidence and abate the

risk of harm to plaintiff, defendant, et. al., failed to act "thus" procuring and/or active

9   furthering the conspiracies despite their consequences to plaintiff, welfare and const-

10  -itutional rights.

11  (18) - Defendant(s) et. al. and certain "Does" either explicitly or authorized and

12  ratified the outrageous conducts, omissions and other wrongful acts perpetrated

by certain of the defendant(s) et. al. herein.

13  (19) - Plaintiff's violations were the feasable result and consequence of the

14  de facto policies, pervasive practices and customs of the defendants et. al. were

15  so permanant and well settled that they constituted practice or policy which had th-

16  -e force of law, said de facto customs, policies and practices were to routinely

terrorize. pre and post-trial detainees by utilizing excessive and unnecess-

17  -ary force and punching inmates on unprovoked basis, has had grossly negligent

18  disregaurd for the safety of inmates under their charge, to subject prisoner/deta-

19  -nees to dehumaning and deplorable living conditions.

20  (20) -, the refusal of medical care needs and attention as a basis to compel-

21  any infliction of injuries upon inmates, failing to investigate claims of personnel-on-

-inmate assaults and the staging of violence of inmates-on-inmates battery assaults.

22  (C.D.C.R.) prison personnel brutality, the cover up of its agents criminal culpability and oth-

23  -er wise set forth customary under ground/blanketed persistant efforts to deprive those

24  aggrieved of equal protection, benefit and due process of law.

25  (21) - In particular, plaintiff's injuries and violations were the feaseeble pro-

26  -ducts of the defendant(s), et. al.'s establishments, maintainance, and tolerance and enforc-

-ement of enduring custom terrorizing and brutalizing non-resistant inmates and by fail-

27  -ing to act to deter such and ultimately concealing defendant(s), et. al.'s culpability aft-

28  -er the fact through a (code-of-silence).

-8-

Case 3:05-cv-01640-GMS   Document 15-1   Filed 05/22/08   Page 9 of 29

(22) - A SUBSTANCIAL PERIOD OF TIME, PRIOR TO, CONTEMPORANEOUS WITH AND SUB- DEFENDANTS OCCURRED PROMUL-
-GATED AND TOLERATED THE FOLLOWING DEFICIENT POLICIES, PRACTICES, REGULATIONS AN
-d CUSTOMS.

1    (A) - HIRING AND/OR FAILING PROPERLY TO ASSIGN, SUPERVISE, CONTROL, DISCIPLINE
2 AND MANAGE DEFENDANTS KNOW OR REASONABLEY SHOULD HAVE KNOWN TO HAVE USE EX-
3 -ESSIVE FORCE, PUNCHED OR/BEATEN DETAINEE/PRISONERS IN THE PAST. ENGAGED IN RAC-
4 -IALLY MOTIVATED EPITHETS AND HAVE ENGAGED IN ACTUAL OR CONSTRUCTIVE PROVOCAT-
-ION OF DETAINEE/PRISONERS AND CONCELING EVENTS BY DELIBERATELY FALSIFYING OF OFF-
5 -ICIAL REPORTS AND RECORDS.

6    (B) - FAILING PROPERLY TO DISCIPLINE DEFENDANTS WHO HAVE ENGAGED IN DELIBERATE
7 INDIFFERENCE TO DETAINEE/PRISONERS PERSONAL SAFETY OR WHO FAILED TO DILIGENTLY
8 INTERVINE IN WHICH TO PREVENT INJURY AND RESTORE ORDER.

    (C) - FAILING PROPERLY TO TRAIN, BRIEF AND DISCIPLINE DEFENDANTS IN A MA-
9 -NNER IN WHICH, WOULD ENSURE THEIR CONDUCTS AND ACTIVITIES ARE WITHIN THE CONFINES
10 OF CLEARLY ESTABLISHED CALIF. DEPT. OF CORRECTIONS STATE WIDE DIRECTIVES, CUSTO-
11 -S. POLICIES, ORDINANCE, RULES, REGULATIONS THAT ARE IMPLIMENTED BY SUPERVISORY
12 OFFICIALS OF C.C.i.D.i.C.R.).

    (D) - FAILING TO MAINTAIN A SYSTEM FOR IDENTIFYING AND CONTINUEOSLY MON-
13 -ITORING "GUN-HOE" PERSONNEL EAGER TO "ABUSE" DETAINEE/PRISONERS AND WHO
14 A HISTORY OR ONE OR MORE OCCAISIONS IN WHICH SUCH WAS THE CASE.

15    (E) - FOSTERING A CODE-OF-SILENCE AMONG THE RANKS OF THE CALIF. DEPT.
16 OF CORRECTIONS AND REHABILITATIONS TO SUCH EXTENT THAT PERSONNEL'S AND CONSPIR-
-ACIES WERE NOT REPORTED BY OTHER OFFICIALS AWARE OF SUCH MISCONDUCT. BUT
17 WERE RATHER SYSTEMATICALLY COVERED-UP AND.

18    (F) - FOSTERING A CUSTOM AND PRACTICE OF FALSIFYING/FABRICATING OFFICAL
19 REPORTS IN FURTHERING "SCHEMES" OF CONSPIRACIES AND CONCEALMENTS OF DEFENDANTS
20 CULPABILITY FOR DILATORY INCENTIVES AND DELIBERATELY DESTROYING AND DELAYING
21 UNFAVORED GREIVENCE COMPLAINTS OF A SENSATIVE NATURE)

            LEGAL CLAIMS

22    (96) - PLAINTIFF ALLEGES THAT THE DEFENDANTS, ET. AL. DEPRIVED PLAINTIFF OF HIS
23 CIVIL AND HUMAN FEDERAL RIGHTS INVESTED IN AND UNDER THE 4TH, 5TH, 8TH, 13TH AND 14TH
24 AMENDS. OF THE U.S. CONSTITUTION AND UNDER THE LAW OF THE UNITED STATES CODIFIED
AT TIT. 42 U.S.C. §§ 888 1981, 1983, 1985 (2)(3), 1986, 1988, AS WELL AS CALIF. CONST. ART. I.
25 SECS. 81, 83, 87, 817; GOV. CODE §§ 815610.35. 815610.37, 815610.39, CALIF. PEN. CODE(S)-814'7
26 82600, 82601, 82650, 82652, 8422, 8422, 16 (A).

27    UPON REVIEW OF THE ATTACHED EXHIBIT AND EVIDENCE THAT THIS COURT
28 GRANT PLAINTIFF AN ORDER PLACING HIM IN A CALIF. PRISON UNDER FEDERAL JURISDIC-
-TION FOR IMMUNITY AND FEDERAL PROTECTIVE CUSTODY AWAY FROM KNOWN RISK

THE PUBLIC INTEREST "WILL NOT" BE DISSERVED BY A GRANT OF A
RESTRAINING ORDER AND INJUNCTION UNTIL PLAINTIFF IS PAROLE-DISCHARGED ON

1    12 , 15 , 2054 , TO THE CONTRARY THE PUBLIC INTEREST IS WELL
2   SERVED BY PROTECTING THE FEDERAL CONSTITUTIONAL RIGHTS OF ALL ITS ME-
3   -MBERS.

4                    VERIFICATION
    I HAVE READ THE FOREGOING FILED COMPLAINT AND HERE IN "CIVIL RIGHTS COM-
5   PLAINT" AND HEREBY VERIFY THAT THE MATTERS THEREIN ARE TRUE, EXCERT, AS TO
6   MATTERS ALLEGED ON INFORMATION AND BELIEF AND AS TO THOSE MATTERS I DO
7   BELIEVE THEM TO BE TRUE, I CERTIFY UNDER PENALTY OF PERJURY THAT THE FORE-
8   -GOING IS TRUE AND CORRECT.
            EXECUTED AT PLEASANT VALLEY STATE PRISON, COALINGA, CA, 93210
9   DATED: 12 , 27 , 2005 /        S/ Mr. Bobby J. Williams
10                                  BOBBY JAMES WILLIAMS
                                    P.O. BOX 8501 CA-4- 125-Low
11                                  (P.V.S.P.) COALINGA, CALIF, 93210
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIB. #A

EXHib, #A

DEAR CLERK   MR Richard W WiEKiNg
CASE NO C-04-3256 (WHA) (PR)
ENTERED iN Civil DockEt 08/23/04

7/24/2005

My NAME is BobbY JAMES Williams, I did EVERY
Thing The CourT Told me To do To The VERY besT of my
AbiliTY.

When I RECEiVE This oRdER DATED AuguST 17, 2004
ShorTly There AfTER I WAS Placed iN A STAND up holding
CAGE FoR 7 days, I enclosed A copy of ThAT AppEAl FoR your
VIEWiNg, ANd beFore ThAT I WENT ThRough The PRocEss
TWiCE (2) TiMES. To be RElEASEd FRom PRisoN, I did
my PAROlE PlANS, gAVE All my STUFF AWAy, oNly To FiNd
ouT SomeONE WAS plAying A miNd gAmE oN mE, I ENClosE
Those PAROlE PAPERS FoR your Vi:

I hAVE beEN TRANSFEr      You cAN        SAliNAS
VAllEY STATE PRisoN, To CTF     ATTACH       PRisoN The
To mulE CREEk STATE PRisoN   To Your        goiNg ThRoug
AloT To geT my LEGAl DocumEN   ComplAiNT      PRisoN. Iv
beEN oN So much PyschoTropic MEdicATioN, I AlmosT
hAd A STROKE BEcAusE of All This, I WAS puT iN A cEll
With No MATTRESS No hEART MEdiciNE FoR 3 dAys
Log No SVSP-D-04-03557 I hAVE beEN dENiEd
ACCESS To The CourTs Log No SVSP-D-04-03562
I oNly hAd The log No's I hAVE hAd FECES PuT iN
my Food. I'm CookEd MENTAlly, The ThiNgs ThAT
hAs hAppEN To mE hAs TRuly ShockEd my CoNsciENCE
ANd I cAN'T go ANy FuRTHER With This WithouT
SomE LEGAl CouNSEl. I would likE To ASK you cAN
you PlEASE I PRAy GRANT mE LEGAl CouNSEl BEcAusE
I cAN'T makE iT oN my oWN AfTER All This.

JUL 2 6 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Bobby James Williams
K-08880
mule creek state prison
C-13-213
P.O. 40 9020
Ione, CA. 95640


NOTE: The Supreme Court envelope plus the Superior Court
Envelope were more denial But staff had my Property in
another Prison which made me late to respond which
mean I'm done. I have been Told I cannot reinstate
my case.

                    TAKE CARE
                            God Bless

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

August 20, 2005

Williams, CDC #K-08880
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

Re: Institution Appeal Log #SVSP-D-05-00320 Staff Complaint

Dear Mr. Williams:

The enclosed documents are being returned to you for the following reasons:

An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c).

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

# APPEAL

**STATE OF CALIFORNIA**

**INMATE/PAROLEE**

**APPEAL FORM**

CDC 602 (12/87)

**DEPARTMENT OF CORRECTIONS**

Location: Institution/Parole Region 1. SVSP 2.

Log No. 1. 05-00320 2.

Category 7

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. *Constitutional rights*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MR. Bobby James Williams | K-08880 | | D-8-124 |

**A. Describe Problem:** ON 1/11/05 I was Told To come ouT of my cell To Talk To an Inmate possible cell mate. I explain To LT. Luna ThaT my life has been puT in harms way by STaff AT Salinas Valley STATe PRison Before Acouple of Time while here AT Salinas Valley STATe and once before while in AdminisTraTive SegregaTion (2 Building cell III I Believe. STaff sed To seT me up and Have me harm by oTher Inmates. So I ToldLT. Luna I was noT goa Take a cell. He Said come ouT and Talk To him anyway, So I did wiTh NegaTive ResulTs. I wenT wiTh 5 oTher InmaTes were placed in The 7D8 Building K. TchioN area HandcuFFed. asked For hours, SgT. Bracken To % Caruso & % Conteras To puT me in a STand up hold.

If you need more space, attach one additional sheet.

**B. Action Requested:** To be given Single Cell STATe due To STaFF conTinuing To Try and Place my life in harms way. MY HealTH is noT To be Taken as some-lighTly my Medical Needs musT be FirsT Always. STaFF musT STop puTTing my life in harms way aT Th's PRison.

Inmate/Parolee Signature: *Mr. Bobby G. Williams*

Date Submitted: 1/20/05

RECD JAN 2 4 2005

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

**D. FORMAL LEVEL**

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 1/26/05 Due Date: 3/8/05

Interviewed by:

Staff Signature: Title: Date Completed:

Division Head Approved: Returned

Signature: Title: Date to Inmate:

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: Date Submitted:

Second Level ☐ Granted ☑ P. Granted ☐ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: Due Date:

☑ See Attached Letter

DELIVERED MAR 04 2005

Signature: Date Completed: 2-28-05

Warden/Superintendent Signature: Date Returned to Inmate: 3-4-05

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

NAT I AM not SATISFIED with THE response THAT HAS been GIVEN ON THIS matter. I AM SUBMITTING THIS Appeal for further Investigation/ADJUDICATION.

Signature: Date Submitted:

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter

Date:

CDC 602 (12/87)

(2 of 4)

# SUPPLEMENT PAGE

<u>RE:</u>    Salinas Valley State Prison
          Second Level Reviewer's Response   DELIVERED  MAR 0 4 2005
          Appeal Log # SVSP-D-05-00320

          Date:    Monday, February 28, 2005

          Inmate: WILLIAMS, K08880                     D8·124

<u>APPEAL ISSUE:</u>   STAFF COMPLAINT

<u>APPEAL DECISION:</u>  PARTIALLY GRANTED

**APPEAL REPONSE:**    You have filed a Staff Complaint against OFFICERS CARUSO,
CONTRERAS AND SGT. BRACKEN alleging staff misconduct. The Informal Level Response
and the First Level Response have been waived in accordance with the Departmental
Operations Manual (DOM) Section 31140 and Administrative Bulletin # 98/10.

Your allegations of misconduct have been referred for investigation. You will be advised of the
findings of the investigation upon completion. However, be advised, inmates do not dictate
staff disciplinary action. In the event that employee misconduct is detected, appropriate
corrective or adverse action will be initiated or recommended by administration. However, any
personnel action taken shall remain confidential and will not be disclosed to inmates, other
employees, or the general public.

For the reasons cited, your action requested is being **PARTIALLY GRANTED** at the Second
Level of Review.

L.E. SCRIBNER
Chief Deputy Warden
Salinas Valley State Prison

EMERGENCY APPEAL SUBJT / (CMD/DET)

# MEDICAL APPEAL

Case 2:90-cv-00520-KJM-SCR Document 15-1 Filed 05/28/09 Page 18 of 29

**STATE OF CALIFORNIA**

**DEPARTMENT OF CORRECTIONS**

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region `SVSP` Log No. 1. `05-00320` Category `7`

2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. _Constitutional rights_

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| MR. Bobby James Williams | K-08880 | | D-8-124 |

A. Describe Problem: ON 1/11/05 I WAS Told To come out of my cell To TALK To AN Inmate possible cell MATE, I explain To LT. LUNA That my life has been put in harms way by staff at Salinas Valley State Prison Before a couple of Time while here at Salinas Valley State So and once before while in Administrative Segregation (2 Building cell 111 I Believe, Staff yed To set me up And Have me harm by other Inmates So I Told LT. LUNA I was not going Take A cell, He said come out And Talk To him Any way, So I did with Negative results, I we with 5 other Inmates Were placed in The 7&8 Building K. Telen Area Handcuffed in akled For hours, Sgt. Bracken To % Carlos & % Contras To put me in A staid up holding.

If you need more space, attach one additional sheet.

B. Action Requested: To be given Single Cell STATUS due To Staff continuing To Try And Place my life in harms way. MY HealTH is not To be TAken As some-Thing My Medical Needs must be First Always. STAFF must STOP putting my life in harms way AT This Prison.

Inmate/Parolee Signature: _Mr. Bobby G. Williams_ Date Submitted: 1/20/05

RECD JAN 24 2005

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

**First Level** ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____ 1/26/05 _____ Due Date: 3/8/06

**E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned:** 1/26/05 _____ **Due Date:** 3/8/06

Interviewed by: _____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____
Signature: _____ Title: _____ Returned _____
Date to Inmate: _____

**F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.**

Signature: _____ Date Submitted: _____

**Second Level** ☐ Granted ☑ P. Granted ☐ Denied ☐ Other _____

**G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned:** _____ **Due Date:** _____

☑ See Attached Letter

DELIVERED MAR 0 4 2005

Signature: _____ Date Completed: 2-28-05

Warden/Superintendent Signature _____ cDW Date Returned to Inmate: 3-4-05

**H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.**

NAT I AM NOT SATISFIED WITH THE RESPONSE THAT
HAS BEEN GIVEN ON THIS MATTER. I AM SUBMITTING
THIS APPEAL FOR FURTHER INVESTIGATION/ADJUDICATION.

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

**DIRECTOR'S ACTION:** ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

have A Medical Condition Due To being shot Through The Rectum And bullets Taken out of my URETHA, My Intestines were REdirected And That I can No hold my Bodily Fluids, And can NOT stand up Too long. SgT. BRACKEN did ca care, I was placed in The stand up Holding Cage For Hours; I had To u The RESTROOM in The Holding Cage, AFTER Acouple more hours, Plus EATi Chain my WASTE C/O CONTRAS & C/O CALUSO Placed me in A LARGER Holding C in "B" Pod. I stayed There 6 days with No Running WATER, No Toilet, I had To sleep on The Floor subjected To very in human very cold cond. I was given A Bag To put my Bodily WASTE in Plus No WATER To clea myself AFTER And I had To EAT in This SAME CAGE. I'm suppos To maintain A Fluid in Take of 3 To 4 liters of WATER per day This did NOT HAPPEN, And my Insides hurT Due To This This TREATMENT.

Cruel And UNusual Punishment
Civil Rights Violations

Pursuant To Operational Procedure #150, And P.C. 832.5 This Appeal is Filed As A Citizen Complaint. Abuse of Authority, Inciting Violence, unequal TREATMENT of Inmates, Discrimination and deliberT indifferenc This Blantan Diskegard For my SAFETy And my HEALTH (of America) it's NOT only Due Process Violations BUT UNITED STATE STATE And FEDERal constitutional Violations For Humane TREATMENT. This Experience as lefT me MENTally SHAKEN, PARANid, And NOT Able To EAT Because I do NOT TRUST my Food Handlers which are The Police (Prison staff ~~member~~ ~~xxxxxxxxxxxxxxxxxxxxxxxx~~ This Criminal Activity mus Be STOPPED!

Director's Rule Violations
3380 (A) Chief Executive Officer
3084.7 (2) C-1 Emergency Appeal
3084.1 (A) D, E Right To Appeal
3004 A, B, C Rights And RESPECT of OTher
3005 A, B, C Conduct
3413 Unlawful Influence
3422 Equality of Inmates
30 PREVENTION of Disorder
1 A, D Employee Conduct
61 Conflict of Interest Code

SgT. Kesslier is Aware This Appeal is being Placed in Institutional mail This Day For The Appeals Coordinator Fo Processing iT has been Mail Before with The Negative Result

**Supreme Court of California**
Clerk of the Court
350 McAllister Street
San Francisco, CA  94102-4797

S125103
BOBBY JAMES WILLIAMS  K-08880
Salinas Valley State Prison
P.O. Box 1030
Soledad, CA  93960-1030

AMA

C13 102



**Superior Court of California**
**County of San Diego**
COUNTY COURTHOUSE
220 WEST BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128
**HABEAS CORPUS DESK**

RETURN SERVICE
REQUESTED

PRESORTED
FIRST CLASS

SEG

**BOBBY JAMES WILILAMS**
**K-08880      A5-121**   C13 102
**MULE CREEK STATE PRISON**
**P.O. BOX 409020**
**IONE, CA 95640**

DADPSMA 95640

## TRANSITIONAL CASE MANAGEMENT PROGRAM
### San Diego/Kern Counties

**NAME:**     **WILLIAMS, BOBBY**
**CDC:**     **K08880**

## *PLEASE GIVE THIS NOTICE TO YOUR PAROLE AGENT UPON RELEASE*

Dear Parole Agent:

This letter is to inform you that the above referenced parolee has not yet received a POC appointment notice. However, your parolee is still required to attend the Parole Outpatient Clinic (POC). Therefore, your parolee will require your assistance to ensure that he/she receives an appointment and continues to follow up at the POC, as required.

Please assist your parolee with contacting his/her designated POC to obtain an appointment date and time. For convenience, the numbers are provided for you:

| | | |
|---|---|---|
| REGION I | -- | (916) 255-2806 |
| REGION II | -- | (510) 622-4781 |
| REGION III | -- | (213) 977-6810 |
| REGION IV | -- | (909) 468-2301 |

Your cooperation in providing assistance for your parolee with his/her POC appointment is greatly appreciated. Attendance at POC is a very important part of parole to ensure that your parolee remains successful once he/she is released from prison.

Sincerely,

TCMP Social Worker

INMATE COPY

84

10F5

PAROLE  INFORMATION  TO  HELP  PAROLEES

UPON RELEASE:

Each parolee is given $200.00 for his use. This money is to last 2 weeks. If you have to use this money for transportation home, tell your parole agent and that money will be refunded.

The parole office has been allotted $2000.00 for the parolee's use if needed. Ask your parole agent for $100.00 at a time. The money is for your use, you are very much ENTITLED to this money if you can show good cause for using it. If your parole agent acts as if he cant or or doesnt want to give it ot you, file a C.D.C. 602 form on him or her.

RENT AND UTILITIES:

The parole office will help you with your RENT DEPOSIT when you first get out of prison.

In an emergency, the parole office will pay the DEPOSIT FOR UTILITIES. The parole procedures manual 721 (b) States; A PAROLEE IS ELIGIBLE FOR $200.00 to $50.00 LOANS A MONTH IF A TRUE NEED CAN BE JUSTIFIED. INMATE COPY

CLOTHING, SHELTER, FOOD AND MEDICAL:

The parole office will give you , $200.00 in voucher form for CLOTHING when you first get out.

If clothing is needed for the parolee he or she, can get them pursuant to Parole Percedures manual section 721 (b) with the supervision of your parole agent. Section 2355 and 3500 both state that "PAROLE" is the actual transfer of a inmate to the supervision of a parole agent. Funding for clothing would come under case records manual 4614(a).

Pursuant to Title 15 of the California administration code sections 2355 and 3500, states that, Any parolee that is still on parole, is still within the custody of the Department of Corrections and must be provided with all the necessities he was provided while in the custody of the C.D.C. Thus FOOD, SHELTER, MEDICAL, DENTAL, EMPLOYMENT AND TRANSPORTATION, ARE APART OF THAT PROGRAM. (A parolee needs to use the above sections to justify his rights).

\*602 IF YOU DONT GET RESULTS CONTACT THE FOLLOWING:
DEPARTMENT OF CORRECTIONS
630 K STREET
SACRAMENTO, CA. 94283-0001
PHONE# (916)445-7688

8.5

PAROLE INFORMATION TO HELP PAROLEES

TOOLS FOR WORK ALLOTMENT

Sections 4616 (a) (b) (c), of the case records manual States as follows: TOOLS; (a)
Funds for tools are not included in the parolee's release funds. The Parole and
Community Services Division through it's "assistance" to paroled and discharged
prisoners, a cash assistance allotment may assist parolee to purchase basic tools
they need for employment.

This allotment constitutes a loan to the parolee and should be repaid some time
during the parole period. (b) Once the proper tools have been identified to the
satisfaction of the agent and parolee, the supervisor will request a check in the
total amount from the parole and community services division Headquarters Office.
The parolee will sign the "Cash Assistance Loan Receipt" prior to receiving the check.
(c) If the parolee absconds before the loan is repaid, the agent will attempt to re-
cover the tools for later use by another parolee.

HOUSING, CLOTHING, FOOD, AND VOCATIONAL REHAB.

After your release from prison, proceed to the nearest Department of Health and
Human Service Offices to recieve an immediate 180.00 in food stamps, a housing voucher,
a clothing voucher. those are authorized pursuant to R&C.W? 9.95.310.
Also upon release go to the department of Vocational Rehabilitation, you can recieve
funding that you dont have to pay back: $1000.00 for an auto or truck, $400.00 for
tools, $300.00 for work clothes.

Here is an address for financial aid which is available to Parolee's:
OFFICE OF THE ECONOMIC (E.O.G.)
1200. 19th St.
WASHINGTON, D.C. 20410

You are now a minority and eligible for all benefits. Targeted tax credits will
give your employer a $3000.00 tax credit for the first year and $8500.00 for the
2nd year. If your employer trains you for a certain skill the Federal Government
will pay half your wages, the first year in addition to the tax cut.

The Minority business Development Assistance, grants from $10,000.00 and up. This
is a non-profit organization and you must fill out the proper forms for application
eligibility:

CHIEF GRANT ADMINISTRATION DIVISION
MINORITY BUSINESS DEVELOPMENT AGENCY
DEPT. OF COMMERCE
WASHING, D.C. 20230

86

PAROLE INFORMATION TO HELP PAROLEE'S

## DISADVANTAGED MINORITY

The concept of the Disadvantaged Minority comes from the Federal Law: The Equal Opportunity Act of 1975, classifies two groups as being in this category.
(1) EX-FELONS AND VIETNAM VETERANS.

## DEPARTMENT OF REHABILITATION

According to Federal law you are disabled due to being incarcerated (DO NOT TAKE NO FOR AN ANSWER !!!) Ther are locations though out the country. There are myths about procedure concerning the Department of Rehabilitation. It is first necessary to understand that the Dept. of Rehab. is a state agency recieving funding from Federal money.

A conicted felon is a Depressed Minority, you also qualify for a certain benefit package. The amount of this benefit is $ 1900.00 to be used for a down payment on a car. The car must be needed to go back and fourth to work.

S.S.I. or S.S.

If you are under S.S. or S.S.I. you automatically qualify under the federal law. Rehabilitation can in fact put you in training at a specialized school, or the completion of courses taken in prison. They can supply you either the tools if you have a trade. the law states: "DIRECT LOANS WITH UNRESTRICTED USE." Currently the rules for obtaining a grant, which does not have to be paid back includes:

1. $1900.00 For Auto
2. $400.00 For Tools
3. $300.00 Work T.
4. $400.00 Street Clothes

INMATE COPY

## EMPLOYMENT DEVELOPMENT DEPARTMENT

At most unemployment offices, there are special counselors to help parolee's with their needs.

For help in finding work call: 1-800-for-a-job (J.T.P.A.)

This is a grant that does not have to be paid back! With the current legislation, unemployment is available. The procedure is as follows: Employment Development Department (E.D.D.) which is located in the city where you will be paroled or released to, There is a waiting period of of four days, after which you will receive a check for between $52.00 and $57.00 per week.

If you need to be bonded for employment by a private employer, you can obtain the bond from any U.S. DISTRICT COURT, and then go to the PROBATION AND PAROLE DEPT. It should take less than an hour to have the validated form in your hands.

Case 3:05-cv-01140-GSA   Document 15-1   Filed 05/30/2005   Page 26 of 29

PAROLE INFORMATION TO HELP PAROLEE'S.

## SOCIAL-SECURITY BENEFITS INFORMATION

Supplemental Social Income, S.S.I. can be described as a form of welfare that is paid through the Social Security Office. Different from Social Security benefits, there is no need to qualify as far as your past income is concerned. The whole purpose of S.S.I. is to help you as a recently released ex-felon by relieving part of the economic pressure you will be facing as you re-enter society and try to re-establish yourself as a productive member in your community. You automatically qualify for S.S.I. simply by being an ex-offender just released from prison. You qualify for S.S.I. because you are unemployed and considered disabled. Fedral Legislation at this time documents recognition that you are an ex-felon to the fact that you have an emotional problem, basically the Government has declared that had you not had this problem you would have been able to conform to the rules of society, thus preventing your commission of a crime. Regaurdless of whether or not you feel or accept the fact that you as an ex-offender do in fact have this emotional problem, it is considered by both Fedral, State Rehabilitation Commission to be a DISABILITY according to the current policies. Mental and Emotional problems constitute a 100% disability, and you will be considered to have this disability until you have become a "productive member" of society.

After your release, you as a parolee will otherwise qualify for assistance of up to $310.00 per month. Although you do qualify, you will not be abe to receive your S.S.I. benefits while you are still in prison waiting release. You by law have only 30 hours after your release to reach the nearest Social Security Office and submit your application. It is necessary that you take the required steps before your release date and apply for these benefits, or you will loose the opportunity to take advantage of S.S.I. So at least 90 days prior to your release and after you have signed your parole plans. The C.D.C. will send in your application to be processed, to the Social Security Office where you live, explain that you fill in prison and your release date. Fill out the application as completely as possible: then return it to the office nearest you. They can and will cut you about 3 times before granting this to you, if you follow these steps (one, two, three) you shoud have a check waiting for you in the amount of $930.00 (A MONTH FOR THREE MONIES): Supplemental Social Income is covered under the United States Law:

### 42 USMC 1383 (e) : 20CFR 416.305

Go immediately to the nearest Social Security Office and ask to speak to a counselor so that you can apply for Social Security Insurance Supplemental Benefits of $1500.00. Explain that you are emotionally and mentally un-prepared to hold a job. Show them your parole or mandatory release papers in order to prove that you are just out of prison. NOTE: You should receive a check within 72 hours.
This payment is authorized under R.C.W. 73.02.040 Public law 93.365.603 You are ineligible to receive this payment while you are incarcerated, but you may apply while you are incarcerated.
Two months prior to your release, send a latter of inquiry to the dept. of Health and Human Services, Social Security Administration,
P.O.Box 19001
Olympia, Washington. 98507
Your inquiry is about the definition of disadvantaged minority benefits available pursuant to R.C.W. 74.99.101 for purposes of seeking employment, ex-felons as a class are considered to be DISADVANTAGED MINORITIES.

PAROLE INFORMATION TO HELP PAROLEE'S

## BANK LOANS

Once you have S.S.I. you can qualify for a loan up to $5,000.00 from any bank in the area. The loan is guaranteed by the Federal government and must be paid back. Then go to the Department of Vocational Rehabilitation because you are on S.S.I.

## SMALL BUSINESS ADMINISTRATION

The S.B.A. has a program for ex-felons. You are qualified to receive a S.B.A. loan for up to $50,000.00 this loan is only given in cases of business pursuits, and it will be called a "STARTER" loan. Also the S.B.A. will provide professional assistance to help you plan employment. You must be bonded for this loan. Federal agencies will show you how to be bonded for free(FEDERAL H.C.W, H.O.W.) if no other organization will. Because you are a ex-felon the loan must be repaid to the S.B.A. The annual percentage rates are the lowest offered for two reasons (1) YOU ARE AN EX-FELON. (2) BUSINESS LOANS ARE LESS THAN A RISK THAN CONVENTUAL LOANS ARE.

If you want to start a small business make alist of the appropriate costs of all the equipment you willneed (Tools, Set Up Cost, Work Clothes Ect.) and an estimate for how much operating cash you will need to start up the business until it begins to make a living for you. They may loan you up to $50.000.00 dollars.

The Small Business Administration will loan you up to $240.000.00 for the small business of your choice. They willalso loan you up to $5.000.00 for any vehicle you wish and a $1500.00 loan for any vehicle you use for work. The Federal Government guarantees a loan and bonding up to $10.000.00

USE ALL OF THIS INFORMATION AND YOU CAN BE NOTHING LESS THAN A WINNER!!!

INMATE COPY

89

# MEDICAL APPEAL

**STATE OF CALIFORNIA**

**DEPARTMENT OF CORRECTIONS**

## INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. | SVSP-D- | 04. 03557 | IS |
| 2. | | 2. | CTC |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. *Wants a transfer to medical facility*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Mr. Bobby James Williams | K-08880 | Ad. Seg. | D-8-123 |

**A. Describe Problem:** I HAVE BEEN WITHOUT MY HEART MEDICINE FoR 3 DAYS And wiThouT A MATTRESS FoR 3 DA I hAVE hAd A HEART ATTACK BEfoRE And I hAV A lot of ChEST PAIN Now. I'vE Told AlL STAFF M.T.A.'s Psych ASST.'s TANT BuT FoR SomE REASoN No oNE Will GivE mE mY HEART MEdici: MY ChEST is hurTING mE REAL BAd And I NEEd mY HEART MEdiciNE.

If you need more space, attach one additional sheet.

REC'D AUG 3 0 2004

**B. Action Requested:** I Am REQuESTiNg To bE TRANSfERRed ouT of This PRiSoN And PlAcEd iN A MEdicAl HoSpiTAl whERE I CAN gET my hEART MEdiciNE oN A DAily BASiS likE I'm SuppoSE To TAkE iT.

DELIVERED

**Inmate/Parolee Signature:** Mr. Bobby J. Williams **Date Submitted:** 8/29/04

**C. INFORMAL LEVEL** (Date Received: _____ )

**Staff Response:** _____

REC'D SEP 2004

**Staff Signature:** _____ **Date Returned to Inmate:** _____

BYPASS

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

**Signature:** _____ **Date Submitted:** _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

91

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **MAR 0 9 2005**

In re: Williams, K-08880
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0406858          Local Log No.: SVSP 04-03557

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner J. Stocker, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he has been deprived of heart medication and a mattress for three days. He has a history of heart attack and is having chest pains. He has told several medical staff members but no one will give him his heart medication. He is requesting transfer to a medical facility where he can receive his heart medication as prescribed.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant was issued "carry" medications to take as prescribed, but he was placed in the Administrative Segregation Unit (ASU) after they were dispensed and they may have been disallowed by custody staff upon transfer. The procedure is for the custody officer to take the medications to the nursing staff at the new facility clinic. The appellant may have been deprived of his medications. The medications have been re-prescribed for the appellant and he has received aspirin, atenolol, and isosorbide. The appellant underwent an electrocardiogram on or about December 16, 2004; the results were normal. He is receiving appropriate treatment for his conditions. There is no medical need for a transfer.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.  FINDINGS:** Medical staff report in the Second Level Review that custody staff may have failed to follow procedure to take control of "carry" medications when the appellant was moved from general population to the ASU and deliver the medication to a nurse in the receiving facility for issuance to him. According to C. Kates, Licensed Vocational Nurse, Salinas Valley State Prison (SVSP), on January 27, 2005, the appellant's assertion of nonreceipt of his medication was not confirmed. It was supposition that an omission may have contributed to the lapse in the appellant's medication. CDC and SVSP have procedures for the handling of inmate medication orders when the inmate is transferred to another facility, including the ASU. For "carry" or self-administered medication there is no procedure. However, the appellant is responsible to control his medication and take it as prescribed. There is no reliable information in this case to determine what happened to the appellant's medication. It is important for custody staff to ensure the continuity of medications, either by allowing inmates to take them with them to the new facility or to seek advice from medical staff. There is insufficient evidence in this case to validate the appellant's claims or to warrant an order to take any further action.

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3270, 3350, 3375, 3379
CDC Health Care Services Policies and Procedures Manual, Volume 4, Chapter 11.

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief                              cc:       Warden, SVSP
Inmate Appeals Branch                                    Appeals Coordinator, SVSP

92