IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS, | 1:05-cv-01649-LJO-GSA-PC |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATION OF |
| vs. | MAY 14, 2008  (Doc. 15) |
| RODERICK O. HICKMAN, et al., | ORDER DENYING APPOINTMENT OF COUNSEL AND INVESTIGATOR |
| Defendants. | SECOND ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT |
| / | THIRTY DAY DEADLINE |

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 14, 2008, Magistrate Gary S. Austin submitted findings and a recommendation to United States District Judge Lawrence J. O'Neill to dismiss plaintiff's case for failure to comply with the court's order of March 25, 2008, which ordered plaintiff to file an amended complaint within thirty days.  On June 16, 2008, plaintiff filed objections to the findings and recommendation and requested

1

appointment of an attorney and an investigative officer to assist him with litigation of his case.

Plaintiff states that he is developmentally disabled and takes medication that impairs his ability to think clearly. This assertion is apparently offered to explain his failure to comply with the court's order. The court finds this argument unconvincing, in light of the fact that plaintiff was able to prepare and file well-organized, coherent, and timely objections to the findings and recommendation. Nevertheless, in the interest of justice, plaintiff shall be granted another opportunity to file an amended complaint, and the findings and recommendation shall be vacated. In the future, should plaintiff require additional time to comply with a court order, he should file a request for an extension of time before the court's deadline expires.

With regard to plaintiff's request for counsel, district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. In the present case, the court does not find the required exceptional circumstances. <u>See</u> <u>Rand</u>, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied.

With regard to plaintiff's request for appointment of an investigator, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted).  The in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by plaintiff in the instant motion.  Therefore, plaintiff's request for appointment of an investigator shall be denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The findings and recommendation of May 14, 2008 are VACATED;
2. Plaintiff's motion for appointment of counsel is DENIED;
3. Plaintiff's motion for appointment of an investigator is DENIED;
4. Plaintiff is GRANTED another opportunity to file an amended complaint in compliance with the court's order of March 25, 2008. Plaintiff shall FILE the amended complaint within thirty days of the date of service of this order; and
5. Failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **July 14, 2008**                   /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE