SC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Bobby James Williams,              )   No. CV 1-05-01649-GMS
                                   )
       Plaintiff,              )   **ORDER**
                                   )
vs.                                )
                                   )
Roderick O. Hickman, et al.,       )
                                   )
       Defendants.             )
_____)

This case was reassigned to the undersigned judge on November 25, 2008. (Doc.# 19.)[1] Plaintiff Bobby James Williams, who is confined in the Corcoran State Prison in Corcoran, California, has filed *pro se* a Second Amended Complaint pursuant to 42 U.S.C. § 1983.[2] (Doc.# 18.) The Court will order Defendants Bracken, Caruso, and Contreras to answer Plaintiff's claims of unconstitutional conditions of confinement and threats to his safety in the Second Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.**     **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

---

[1] "Doc.#" refers to the docket number of filings in this case.

[2] The Second Amended Complaint supersedes the original and the first amended complaints in their entirety. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

JDDL

1  § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
2  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
3  be granted, or that seek monetary relief from a defendant who is immune from such relief.
4  28 U.S.C. § 1915A(b)(1), (2).

5  **II.    Second Amended Complaint**

6  Plaintiff asserts his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, as
7  well as state law rights, have been violated. He sues Roderick O. Hickman, the head director
8  of the California Department of Corrections and Rehabilitation (CDC); Jeanne S. Woodford,
9  director of the CDC; L.E. Scribner, the chief deputy warden of the Salinas Valley State
10 Prison (SVSP); Lieutenant Luna; Sergeant Bracken; and Correction Officers (CO) Caruso
11 and Contreras. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

12 **III.   Failure to State a Claim Under § 1983**

13 To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
14 conduct about which he complains was committed by a person acting under the color of state
15 law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
16 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a "'plaintiff generally must assert his
17 own legal rights and interests, and cannot assert the legal rights or interests of third parties.'"
18 Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting
19 Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, a plaintiff must allege that he
20 suffered a specific injury as a result of the conduct of a particular defendant and he must
21 allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.
22 Goode, 423 U.S. 362, 371-72, 377 (1976).

23 **A.    Defendants Hickman, Woodford, and Scribner**

24 Plaintiff sues Defendants Hickman, Woodford, and Scribner. Although each may be
25 properly sued for constitutional violations, Plaintiff fails to state a claim against any of them.
26 "A plaintiff must allege facts, not simply conclusions, that show that an individual was
27 personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d
28 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff

JDDL

- 2 -

must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff fails to allege facts to support that Hickman, Woodford, or Scribner enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged facts to support that Hickman, Woodford, or Scribner directly violated his constitutional rights or that any of them were aware that Plaintiff's rights were being violated but failed to act. Thus, Plaintiff fails to state a claim against Hickman, Woodford, or Scribner in his Second Amended Complaint and they will be dismissed without prejudice.

### B.    Luna

Plaintiff sues Lieutenant Luna. The only facts alleged by Plaintiff against Lieutenant Luna is that Luna asked Plaintiff to leave his cell after Plaintiff balked about sharing a cell with a cellmate. Absent additional facts, Plaintiff fails to state a claim for violation of his constitutional rights. Accordingly, Luna will be dismissed.

### C.    Retaliation

Plaintiff asserts that he has been subjected to retaliation; he fails, however, to allege facts to support that any named Defendant retaliated against him. To state a viable constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of law took adverse action against him because he engaged in protected conduct, that the adverse action was not narrowly tailored to advance legitimate correctional goals, and that the adverse action chilled the plaintiff's exercise of his First Amendment rights or caused him to suffer more than minimal harm. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir.

2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

Plaintiff fails to allege facts to support that any Defendant retaliated against him for engaging in protected conduct. At most, Plaintiff alleges that he was held in a standing cage and under inhumane conditions. He does not allege facts to support that he was placed in those conditions in retaliation for any protected conduct. Accordingly, Plaintiff fails to state a claim for retaliation.

### D. Miscellaneous Federal Violations

Plaintiff refers or asserts the violation of numerous federal statutes and constitutional rights. He fails, however, to allege facts to support violations of these federal statutes and constitutional rights.

Plaintiff in part asserts that he seeks relief pursuant to 42 U.S.C. §§ 1981, 1985 and 1986. To state a claim under §§ 1981 or 1985, a plaintiff must allege facts supporting that he suffered discrimination based upon his race. See Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (§ 1985); Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002) (§ 1985); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1487 (9th Cir. 1995) (§ 1981). A plaintiff cannot proceed under § 1986 unless he states a claim under § 1985. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990). Plaintiff fails to allege any facts to support any discrimination, or conspiracy against him, motivated by his race. He therefore fails to state a claim under §§ 1981, 1985 or 1986 and these allegations will be dismissed.

Plaintiff also refers to First Amendment religious rights and quotes the Fourth, Fifth, Eighth, and Fourteenth Amendments. Plaintiff fails to allege any facts to support a violation of his First, Fourth, Fifth, or Fourteenth Amendment rights. He therefore fails to state a claim for violation of these federal constitutional rights and these allegations will be dismissed.

/   /   /

### E.    Negligence

Plaintiff asserts that certain acts were grossly negligent. Negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983. Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); see Alfrey v. United States, 276 F.3d 557, 568 (9th Cir. 2002). Plaintiff's allegations of negligence will therefore be dismissed.

### F.    Violations of Other Inmates' Rights

Plaintiff includes numerous allegations regarding alleged violations of other inmates' rights. As noted above, Plaintiff may not seek relief on behalf of other inmates, see Mothershed, 410 F.3d at 610. Plaintiff's allegations regarding violations of other inmates' rights will be dismissed.

## IV.   State Law Claims

Plaintiff asserts that numerous state laws have been violated. Where a federal court has original jurisdiction over an action, such as a case asserting violations of 42 U.S.C. § 1983, the doctrine of pendent jurisdiction allows a federal court to exercise "pendent" or "supplemental" jurisdiction over closely related state law claims. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C. § 1367(a)). Although Plaintiff asserts in his Second Amended Complaint that numerous state laws were violated, he fails to allege any facts to support those assertions or to support that any state law violation is closely related to his federal claims. Plaintiff thus fails to adequately allege facts to state any state law violation or support the exercise of supplemental jurisdiction over any state law claim. The Court therefore declines to exercise pendant jurisdiction over any state law claim and they will be dismissed.

## V.    Claims for Which an Answer Will be Required

Plaintiff alleges that Bracken, Caruso, and Contreras placed him in "standing cages" for several hours on one occasion and for seven days on another. Plaintiff alleges that due to injuries from a gunshot wound, he was and is unable to stand for hours without soiling himself. He further alleges that while held in a standing cage: he lacked access to bathroom

facilities and was only given a plastic bag to use; he was provided food contaminated by human waste; he was denied his psychotropic medications despite informing these Defendants that he needed the medication; he had to sleep on the bare floor; and he was denied access to drinking water. Plaintiff sufficiently states a claim for violation of his Eighth Amendment rights based upon unconstitutional conditions of confinement and threats to his safety against Defendants Bracken, Caruso, and Contreras. These Defendants will be required to respond.

**VI.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Except as provided in paragraph (2) below, Plaintiff's claims and Defendants Hickman, Woodford, Scribner, and Luna are **dismissed** without prejudice. (Doc.# 18.)

(2)   Defendants Bracken, Caruso, and Contreras must answer Plaintiff's Eighth Amendment allegations of unconstitutional conditions of confinement and threats to his safety contained in his Second Amended Complaint. (Doc.# 18.)

(3) The Clerk of Court must send Plaintiff a service packet including the Complaint (doc.# 18), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Bracken, Caruso, and Contreras.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

(7) The Clerk of Court must modify the docket for this case to reflect the addition of Defendants Luna, Bracken, Caruso, and Contreras as Defendants.

DATED this 29th day of January, 2009.

*G. Murray Snow*
G. Murray Snow
United States District Judge